1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL DEONTRAY WILLIAMS,              No.  2:23-cv-0905 KJN P

12                 Plaintiff,

13        v.

14    JENNIFER BENAVIDEZ, et al.,

15                 Defendants.

16

17    MICHAEL DEONTRAY WILLIAMS,              No.  2:23-cv-2689 DB P

18                 Plaintiff,

19        v.                                  ORDER

20    J. WEBB, et al.,

21                 Defendants.

22        Plaintiff is a state prisoner.  In the first case, No. 2:23-cv-0905 KJN, plaintiff is

23    proceeding pro se.  Subsequently, counsel brought Case No. 2:23-cv-2689 DB on behalf of

24    plaintiff.  On February 1, 2024, counsel for defendants in the first case filed a notice of related

25    cases stating the actions are related "as the claims arise from circumstances addressed in both

26    actions" and requesting plaintiff's earlier case be stayed pending adjudication of the subsequently

27    filed action.  (ECF No. 13 at 1.)  Plaintiff and plaintiff's counsel did not respond.

28

                                                  1

As discussed below, the undersigned finds that the two cases are not related, but grants defendants' motion to stay Case No. 2:23-cv-0905 KJN and vacates the May 22, 2024 settlement conference.

Background

Plaintiff, a transgender woman, was housed at California Medical Facility during all of the incidents alleged in both actions.  In Case No. 2:23-cv-0905 KJN, plaintiff alleges that on October 18, 2022, while plaintiff was a psychiatric inpatient, defendants Yang, Juerz, Regal, Ramos, Sypraseuth, and Johnson entered plaintiff's cell for no legitimate penological reason, took plaintiff to the ground, handcuffed plaintiff, then laid plaintiff on the bed and repeatedly punched plaintiff to the head and body and used unnecessary and excessive force in violation of the Eighth Amendment.[1]  No. 2:23-cv-0905 KJN (ECF Nos. 1; 6 at 3-4 (screening order)).  In addition, plaintiff alleges that defendant Yang cut plaintiff's left eye open with Yang's knife.  Id. (ECF No. 1 at 5).  There are no allegations of sexual assault.

In Case No. 2:23-cv-2689 DB, plaintiff alleges excessive force, battery, sexual assault, cruel and unusual punishment, failure to protect, negligence, retaliation, interference with civil rights, and gender-related violence based on incidents that took place on July 25, 2022, October 14, 2022, and February 27, 2023.  Plaintiff names as defendants Sgt. Webb, and Correctional Officers Zxong, Ortiz, Yang, and DOES 1 - 3.  Plaintiff generally alleges as follows.

On July 25, 2022, defendants Webb, Zxong and DOE 1 entered plaintiff's cell and Webb allegedly told plaintiff "fight all three (3) of us, and we'll leave you alone, faggot." Id. (ECF No. 1 at 2).  Such defendants then began beating and sexually assaulting plaintiff.

On October 14, 2022, defendants Ortiz and Yang called plaintiff "queer" and "faggot" and then wrongfully entered plaintiff's maximum custody cell, where they allegedly beat and sexually assaulted plaintiff.  Id. (ECF No. 1 at 3-4).

////

---

[1]  Plaintiff was previously granted leave to allege facts demonstrating that the alleged beating was retaliatory in violation of the First Amendment.  Plaintiff elected to proceed solely on the Eighth Amendment claims.

1    On February 27, 1023, plaintiff was in a transport van to Richard J. Donovan State Prison.

2    Defendants DOES 2 and 3 transported plaintiff to another location where plaintiff was allegedly

3    beaten and sexually assaulted.  Id. (ECF No. 1 at 4).

4    Are the Cases Related?

5    As stated above, defendants' counsel in the first case claims the two cases are related

6    because the claims arise from circumstances addressed in both actions.

7    Local Rule 123(a) provides as follows:

8    (a) Definition of Related Cases.  An action is related to another action
     within the meaning of this Rule when (1) both actions involve the
9    same parties and are based on the same or a similar claim; (2) both
     actions involve the same property, transaction, or event; (3) both
10   actions involve similar questions of fact and the same question of law
     and their assignment to the same Judge or Magistrate Judge is likely
11   to effect a substantial savings of judicial effort, either because the
     same result should follow in both actions or otherwise; or (4) for any
12   other reasons, it would entail substantial duplication of labor if the
     actions were heard by different Judges or Magistrate Judges.

13

14   Local Rule 123(a).

15   Pursuant to the screening order in Case No. 2:23-cv-0905 KJN, the case involves one

16   discrete incident of excessive force on October 18, 2022, by four officers, three of whom are not

17   named as defendants in plaintiff's subsequent case.  The fourth defendant, Yang, is named in both

18   cases but is only named in connection with one of the three incidents alleged in 2:23-cv-2689 DB.

19   None of the allegations in Case No. 2:23-cv-0905 KJN involve alleged sexual assault.  Therefore,

20   both actions do not involve all of the same parties and are not based on the same claims.

21   Both actions involve incidents occurring on different days.  All of the incidents involve

22   the alleged use of excessive force, but the locations of the use of force differ, as do the contexts in

23   which the force was applied.  Thus, the cases do not involve the same property, transaction, or

24   event.

25   Further, such differences demonstrate there would be no substantial savings of judicial

26   effort because the subsequent case involves multiple causes of action in addition to the alleged

27   excessive force claims.  While the elements of an excessive force claim are the same, the facts

28   will differ, and it is unclear whether the same result would follow in both actions.

3

1      Finally, the complaint in 2:23-cv-2689 DB written by plaintiff's counsel does not mention

2  the use of force incident on October 18, 2022.

3      For all of the above reasons, the undersigned declines to relate these two actions.

4  Should the First Case Be Stayed?

5      Defendants seek to stay Case No. 2:23-cv-0905 KJN until the subsequent case is resolved

6  or adjudicated.  Id. (ECF No. 13), citing Fed. R. Civ. P. 6(b)(1)(A).[2]  Defendants raise ethical

7  concerns that could arise in directly communicating with plaintiff in Case No. 2:23-cv-0905 KJN

8  where the events in Case No. 2:23-cv-2689 will necessarily be discussed but where plaintiff is

9  represented by counsel.  In addition, defendants in the earlier action may be prejudiced if the

10  court in the subsequent action issues findings or rulings that may impact the prior action,

11  particularly as to defendant Yang.  Further, counsel argues that discovery in the subsequent action

12  will necessarily include the events raised in the first action.

13      A district court has "broad discretion to stay proceedings as an incident to its power to

14  control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North Am.

15  Co., 299 U.S. 248, 254 (1936)).  When a stay is requested, this court:

16          may, with propriety, find it is efficient for its own docket and the
            fairest course for the parties to enter a stay of an action before it,
17          pending resolution of independent proceedings which bear upon the
            case.  This rule applies whether the separate proceedings are judicial,
18          administrative, or arbitral in character, and does not require that the
            issues in such proceedings are necessarily controlling of the action
19          before the court.

20  Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir.) (citations omitted),

21  cert. denied, 444 U.S. 827 (1979), (cited with approval by Mediterranean Enterprises, Inc. v.

22  Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

23      In determining whether to grant a motion to stay, a court should generally consider the

24  following factors:

25          (1) the interest of the plaintiffs in proceeding expeditiously with this
            litigation or any particular aspect of it, and the potential prejudice to
26

27  [2] Rule 6 addresses the computing and extending of time and does not grant authority to impose a
    stay.  The undersigned considers the motion for stay under the court's inherent power, as
28  discussed below.

                                          4

plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995); see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007).

The undersigned is persuaded that a stay of the first action is warranted. Plaintiff and plaintiff's counsel did not oppose the motion for stay. Plaintiff has an interest in proceeding expeditiously with the first case, but the other factors support staying this action until the second action is resolved. Defendants' counsel brought this motion for stay and identified no burden such a stay would impose on defendants. Defense counsel's concerns about deposing a pro se plaintiff who is being represented by counsel in connection with excessive force claims against shared defendant Yang in the subsequent action are well-taken. Moreover, given plaintiff's allegations, it is likely that discovery in the subsequent action will include events at issue in the prior action, and it is possible that rulings in the subsequent action may impact plaintiff's claims in the prior action, especially as to defendant Yang. Further, given plaintiff's initial allegations filed in the first action, there is a possibility that discovery in the subsequent case, which involves incidents prior to the use of force alleged in the first case, may uncover evidence to support further amendment in Case No. 2:23-cv-0905, at least as to defendant Yang.[3] Under these circumstances, the efficient use of judicial resources and the interest of the public are better served by staying Case No. 2:23-cv-0905 KJN.

Therefore, Case No. 2:23-cv-0905 KJN is stayed pending resolution or adjudication of Case No. 2:23-cv-2689 DB. Within fourteen days from the resolution or adjudication of Case No. 2:23-cv-2689 DB, counsel for defendants in Case No. 2:23-cv-0905 KJN shall file a motion to lift the stay in Case No. 2:23-cv-0905 KJN P.

////

---

[3] Plaintiff's putative First Amendment claims were dismissed without prejudice. Case No. 2:23-cv-0905 KJN (ECF No. 10 at 4).

1         In light of this stay, the May 22, 2024 settlement conference before Magistrate Judge

2    Jeremy D. Peterson is vacated.

3    Conclusion

4         Accordingly, IT IS HEREBY ORDERED that:

5       1.  The undersigned finds that plaintiff's cases are not related (ECF Nos. 13, 27);

6       2.  Defendants' motion to stay Case No. 2:23-cv-0905 KJN (ECF No. 27) is granted;

7       3.  Case No. 2:23-cv-0905 KJN is stayed pending resolution or adjudication of Case No.

8    2:23-cv-2689 DB; and

9       4.  The May 22, 2024 settlement conference before Magistrate Judge Jeremy D. Peterson

10   (ECF No. 25) is vacated.

11   Dated:  February 29, 2024

12                                     CAROLYN K. DELANEY

13                                     UNITED STATES MAGISTRATE JUDGE

14   /will0905.862

15

16

17

18

19

20

21

22

23

24

25

26

27

28